**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY MORRIS, | : |
| Petitioner, | : Civil Action No. 14-6023 (MAS) |
| v. | : **MEMORANDUM OPINION** |
| STEPHEN M. D'ILIO,¹ et al., | : |
| Respondents. | : |

**SHIPP, District Judge**

Petitioner Corey Morris, confined at New Jersey State Prison in Trenton, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State of New Jersey for robbery and related crimes. Respondents filed a Response, and Petitioner filed a Traverse, so the Petition is now ripe for disposition. For the reasons stated below, the Court denies the Petition.

**I.   FACTUAL BACKGROUND**

For the purposes of this Opinion, the Court relies on the following description of the crime by the Appellate Division on review of the denial of post-conviction relief ("PCR"):

> This case arose from the robbery of a seventy-year-old disabled victim, Andrew Keresztury, on April 12, 2002. As in the companion case, the proofs against defendant were overwhelming.²

---

¹ The Court notes that Stephen D'Ilio was improperly pled as Stephen D'LLio. (*See* Petition 1, ECF No. 1.)

² The Appellate Division opinion dealt with two separate robbery convictions levied against Petitioner. Petitioner also filed a habeas petition challenging the other conviction, which the Court denied. *See Morris v. D'Illio*, No. 15-1502 (D.N.J. June 30, 2016).

> At the trial, which took place in March 2004, Keresztury testified that the robber assaulted him and stole a black fanny pack. The police recovered the pack when they arrested defendant, and Keresztury identified the pack for the jury at the trial. A passing motorist, who witnessed the robbery, testified that he yelled at the robber to leave the victim alone, and the assailant ran away. However, upon driving home, this eyewitness saw the robber enter a house next door to the witness's home. The eyewitness then told the police, who had been chasing defendant, where to find the robber. A few moments later, the eyewitness saw the police bringing defendant out of the house.
>
> The State also presented evidence from a police officer who saw the robbery as it occurred, and chased defendant until he lost sight of him. The officer testified that the civilian eyewitness then told him that the defendant had entered a nearby house and, on entering that house with his partner, the officer found defendant and arrested him. The partner testified that he recovered the victim's fanny pack in the room where defendant was arrested. The owner of the house where defendant was arrested testified that she did not know him and he did not have her permission to enter the premises.
>
> In his trial testimony, defendant denied any involvement in the robbery. He claimed he was a drug dealer and he happened to be in the vicinity of the robbery because it was a high drug sale area, and he intended to sell marijuana there. Evidently, the jury was unimpressed with that testimony.

*State v. Morris*, Indictment No. 02-12-1658, 2014 WL 503941, at *4-5 (N.J. Sup. Ct. App. Div. Feb. 4, 2014). Petitioner was convicted of second-degree robbery, theft from the person, resisting arrest, and criminal trespass, and sentenced to twenty years of imprisonment. *Id.*

Petitioner appealed the conviction and sentence, and the Appellate Division affirmed his conviction, but remanded for re-sentencing. *Id.* After re-sentencing, Petitioner appealed again, and the case was remanded for re-sentencing a second time. (Pet'r's Mot. for Stay 6, ECF No. 1-7.) Ultimately, the trial court imposed the same sentence. *Id.* Petitioner did not appeal from that sentence. *Id.* at 7. Petitioner then filed a PCR application. *Morris*, 2014 WL 503941, at *9. The court denied the PCR application, and the denial was affirmed on appeal. *Id.* Petitioner filed a

2

petition for certification with the New Jersey Supreme Court, but before a decision was made, Petitioner preemptively filed the instant habeas Petition here, in federal court, in order to avoid any statute of limitations problems. (Pet'r's Mot. for Stay 12.) During the pendency of this case, the New Jersey Supreme Court denied certification. *See State v. Morris*, 220 N.J. 573 (2015).

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a claim has been adjudicated on the merits in state court proceedings, a writ for habeas corpus shall not issue unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012).

A state-court decision involves an "unreasonable application" of clearly established federal law if the state court (1) "identifies the correct governing legal [rule] from [the Supreme] Court's [cases] but unreasonably applies [it] to the facts of the [particular case]"; or (2) "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal courts must follow a highly deferential standard when evaluating, and thus give the benefit of the doubt to, state court decisions. *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir.

3

2013). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (petitioner bears the burden of rebutting presumption by clear and convincing evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (factual determinations of state trial and appellate courts are presumed to be correct).

### III. DISCUSSION

Petitioner raises six grounds for relief in his Petition, all of which relate to ineffective assistance of counsel. Ground I alleges that appellate counsel was ineffective for failing to challenge as defective the criminal complaint used to indict Petitioner. Grounds II, III, and IV allege that trial counsel was ineffective for failing to suppress the black fanny pack and photographs taken of the fanny pack from evidence, for a variety of reasons. Grounds V and VI allege that trial counsel was ineffective in advising Petitioner of his maximum sentence, maximum parole ineligibility, and parole supervision requirement, which resulted in Petitioner rejecting a favorable plea offer that would have imposed a shorter sentence.

#### A. Ineffective Assistance of Counsel Standard

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of

which must be satisfied. *Id.* at 687. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[3] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 1089 (quoting *Strickland*, 466 U.S. at 695).

**B.  Ground I – Ineffective Assistance of Appellate Counsel**

In Ground I, Petitioner argues that his appellate counsel provided ineffective assistance when he failed to challenge as defective the criminal complaint used to indict Petitioner. Petitioner appears to further argue that had appellate counsel raised the issue and was successful, the proper remedy would have been the dismissal of the indictment. (Pet. 27, ECF No. 1.) The PCR appellate court, in affirming the PCR denial, held that the argument was without merit to warrant discussion in a written opinion. *Morris*, 2014 WL 503941, at *8. Although the PCR appellate court did not articulate a reason for its affirmance, "[w]here there has been one reasoned state judgment rejecting

---

[3] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

a federal claim, [federal courts presume] later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). "To decide the present case, therefore, we begin by asking which is the last *explained* state-court judgment[.]" *Id.* at 805 (emphasis in the original); *see Robinson v. Beard*, 762 F.3d 316, 324 (2014) ("In considering whether [deference] applies, we review the 'last reasoned decision' of the state courts on the petitioner's claims."). As such, the Court looks to the PCR trial court's reasoning in denying PCR in the first instance.

In addressing this claim, the PCR trial court first addressed a related claim, not raised here, regarding trial counsel's failure to challenge the alleged defective complaint, holding that "the complaint warrant was supported by sufficient probable cause," and that even if it was defective, "it does not taint the trial's result, that is, the verdict of the jury." (Tr. of PCR Hearing Part I 33, ECF No. 14-13.) The PCR trial court further found that "[u]nder case law . . . a defendant must demonstrate both *Strickland* . . . prongs to indicate a [challenge] would have been successful, and defendant has not presented any evidence to satisfy this argument." (Tr. of PCR Hearing Part II 3, ECF No. 14-14.)

With regard to the argument that appellate counsel was similarly ineffective for failing to raise this claim on direct appeal, the PCR trial court stated that:

> Defendant argues appellate counsel was ineffective for failing to raise particular issues in the direct appeal. However, the Court has examined the arguments in this PCR motion and concluded they are meritless. Appellate counsel cannot be deemed deficient or ineffective for failing to raise baseless claims in the direct appeal.

(Tr. of PCR Hearing Part II 3, ECF No. 14-14.) The Court finds no reason to disturb that holding.

To begin, the Court notes that Petitioner makes inconsistent arguments regarding the potential prejudice to him. While Petitioner argues here that the proper remedy would have been

6

the dismissal of the indictment, it is clear from the record that he argued for a different remedy in the state courts. At the PCR hearing, he asserted, instead, that the proper remedy was the exclusion of the criminal complaint and any accompanying testimony from evidence. (Tr. of PCR Hearing Part I 15, ECF No. 14-13.) Assuming, for the sake of argument, that exclusion was the proper remedy, the Court agrees with the PCR trial court that Petitioner would not be able to establish a reasonable probability that he would not have been convicted.

As summarized above, the State had proffered, at trial, the testimony of the victim, the eye witness, the police officer who observed the crime, and the property owner on whose property Petitioner trespassed while attempting to evade capture. Here, Petitioner does not challenge that those witnesses testified against him and that the testimony of those witnesses would have been more than enough to establish guilt, with or without the criminal complaint. Even if the proper remedy was dismissal of the indictment, Petitioner still could not demonstrate that the result would have been different—the State could have simply re-indicted Petitioner. *See Benabe v. United States*, 68 F. Supp. 3d 858, 865 (N.D. Ill. 2014) (finding that the petitioner failed to establish prejudice in an ineffective assistance of counsel claim for counsel's failure to investigate the validity of the indictment, because the government could re-indict the petitioner even if the indictment was dismissed). As this Court already noted above, there was more than enough evidence to convict Petitioner, which means there was enough evidence to re-indict him. Thus, the Court finds that the state court's denial of this claim was a reasonable application of *Strickland* based on a reasonable determination of the facts, and Petitioner is not entitled to relief on this ground.

### C. Failure to Suppress Evidence Related to the Fanny Pack

Petitioner argues that trial counsel was ineffective for failing to suppress the fanny pack, and pictures of the fanny pack, from evidence, because the seizure of the fanny pack was not supported by probable cause or based on a valid criminal complaint. The PCR appellate court held that Petitioner's argument was without merit to warrant discussion in a written opinion. *Morris*, 2014 WL 503941, at *8. The PCR trial court held that "[t]here's nothing before me to show that a motion to suppress would be successful," and that "the argument was raised prior to trial . . . [and] trial counsel's argument on the motion was adequate." (Tr. of Plea Hearing Part II 23.) The PCR trial court did not elaborate on this holding or cite to any part of the record showing that trial counsel did indeed file a motion to suppress. Petitioner, nevertheless, does not challenge its finding that his trial counsel filed a motion.

The Court finds that the state court's holding was a reasonable application of established law, based on a reasonable application of the facts. While the PCR trial court may have premised its holding primarily on the first prong of the *Strickland* analysis, "AEDPA requires that [federal courts] 'determine what arguments or theories supported or . . . could have supported, the state court's decision.'" *Collins v. Sec. of Pa. Dep't of Corr.*, 742 F.3d 528, 548 (3d Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). Here, regardless of the PCR trial court's findings with respect to the first prong of the *Strickland* analysis, Petitioner's claims clearly fail the second prong. As the Court concluded above, there was overwhelming evidence to convict Petitioner, so even if evidence relating to the fanny pack was excluded, the outcome of the trial would not have been different. Moreover, even if the Court were to consider the aggregate effect of excluding *both* the criminal complaint, *supra*, and the fanny pack from evidence, the outcome of the trial still would not have been different. Indeed, several witnesses observed the commission of the crime

first-hand and testified at trial, so even with the evidence excluded, there was still no reasonable doubt that Petitioner committed a robbery. The Court, therefore, finds that Petitioner cannot establish the prejudice prong of these *Strickland* claims, and that the state court's holding was a reasonable application of Supreme Court law based on a reasonable application of the facts. Thus, relief on these grounds is not warranted.

### D. Ineffective Assistance Relating to Plea

Finally, Petitioner argues that because his trial counsel failed to adequately advise him of (1) his aggregate maximum sentence and parole ineligibility when taking into consideration both of his robbery convictions, and (2) the fact that he would be subject to consecutive parole supervision terms, Petitioner erroneously rejected the State's plea offer of a five-year term of imprisonment.[4] Applying *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the PCR appellate court held that Petitioner was not "misadvised and misinformed by his attorney":

> [The PCR trial court] found that defendant was told, in detail, about his sentencing exposure in this case and still turned down a plea offer of five years; he concluded defendant was determined to go to trial and would not have accepted any plea bargain. We agree. Defendant did not present a prima facie case of ineffective assistance of counsel on that, or any other issue, and was not entitled to an evidentiary hearing.

*Morris*, 2014 WL 503941, at *8. The PCR trial court further explained that Petitioner was informed, by both counsel and the trial court, that he: (1) could be subject to discretionary extended term sentences; (2) could be subject to a maximum of 20 years for *each* conviction; and (3) was otherwise adequately informed of the penal consequences if he proceeded to trial on each indictment. (Tr. of Plea Hearing Part I 25-28.) Applying *Strickland*, the PCR trial court found

---

[4] The plea offer applied to both robbery convictions, *i.e.* the State offered a single five-year sentence in exchange for guilty pleas in both criminal cases. (Tr. of Plea Hearing Part I 26.)

9

that based on the record, Petitioner would not have pled guilty even if he received what he deemed was adequate advice from counsel, in particular because of his continued insistence that he was innocent. *Id.* at 26.

To begin, the state court's application of *Lafler* and *Strickland* was not only a reasonable application of established law, but the correct one. In *Lafler*, the Supreme Court held that where counsel's ineffective advice led to a plea offer's rejection, and where the alleged prejudice is having to stand trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

132 S. Ct. at 1386. No argument can be made that *Lafler* was inapplicable to Petitioner's claims. As such, the Court can only grant relief if it finds that the state courts applied the law to an unreasonable application of the facts.

"A determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* Here, Petitioner does not challenge any of the aforementioned factual findings, but instead continues to assert that had he been informed of the maximum aggregate sentence and the parole exposure, he would have accepted the plea offer. Petitioner, however, submits no supporting evidence other than his own self-serving assertions. While the PCR trial court made no specific factual findings that directly contradicted Petitioner's assertions, based on the facts that it did find, it was not unreasonable for it to conclude that Petitioner would not have accepted the plea offer. Indeed, if Petitioner was willing to reject a five-year offer after being informed that he may be subject to 20-year sentences for *each* robbery, plus

the possibility of extended terms, however long, there may have been nothing that could have convinced him not to go to trial, regardless of what additional information trial counsel could have provided him. Petitioner's testimony before the trial court reflected that he appeared quite convinced and motivated by his belief that he was innocent.[5] (*See* Tr. of Plea Hearing Part I 26-27.) Accordingly, Petitioner has not established that the state courts' holding was an unreasonable application of Supreme Court law, or that it was based on an unreasonable determination of the facts, and relief on these grounds is not warranted.

### E. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

---

[5] In addressing the other robbery conviction, the PCR trial court may have shed some light as to a possible motivation for Petitioner's desire to go to trial. On Petitioner's claim that the trial court erred in denying his motion for self-representation, the PCR trial court found that Petitioner had desired to make an argument for jury nullification to the jury despite admitting that he was guilty. (Tr. of Plea Hearing Part II 7.) While this finding plays no part in the Court's disposition of the instant Petition, it does provide the Court with some background information regarding Petitioner's potential state of mind.

## IV. CONCLUSION

For the reasons set forth above, the Petition is DENIED, and the Court DENIES a certificate of appealability.

                                             /s/ Michael A. Shipp
                                             MICHAEL A. SHIPP
                                             UNITED STATES DISTRICT JUDGE

Dated: 7/19/17